IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,020-01






EX PARTE DELVIN JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22036-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY




 


 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to attempted capital
murder, and was sentenced to thirty-five years' imprisonment. 

 Applicant contends, inter alia, that he is being improperly denied credit for time served. 
Applicant alleges that he is being denied credit for approximately one year and two months' flat time
credit. Applicant also alleges that his parole was improperly revoked. Applicant has alleged facts
that, if true, might entitle him to relief. The State has not filed an answer, and the trial court has not
entered findings of fact and conclusions of law. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of General to file an affidavit
listing Applicant's sentence begin date, the amount, if any, of pre-sentencing jail time for which
Applicant is receiving credit, the date upon which Applicant was released to parole and, the dates
of issuance of any parole-revocation warrants leading to the revocation of such parole. The affidavit
should also indicate whether or not Applicant has submitted his claim to the time credit resolution
system of TDCJ, and if so, the date when the claim was submitted. With respect to Applicant's
parole revocation, the affidavit from TDCJ should state the basis for the revocation of Applicant's
parole, and the evidence relied upon to support the revocation. The habeas record shall be
supplemented with copies of Applicant's parole revocation hearing report, and any other documents
pertaining to the revocation of his parole.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The
trial court shall make findings as to whether Applicant is being properly credited for pre-sentencing
jail time. Next, the trial court shall make findings as to what the basis for Applicant's parole
revocation was, and as to whether there was any evidence produced to support the revocation. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: July 2, 2008

Do not publish